UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIANE KICZUK<br>*Plaintiff*, | )<br>)<br>) | CASE NO. 3:21-CV-00707 (KAD) |
| v. | )<br>) | |
| UNITED STATES OF AMERICA<br>*Defendant*. | )<br>) | MAY 9, 2023 |

<u>MEMORANDUM OF DECISION</u>
RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, INTEREST, AND
LITIGATION COSTS (ECF NO. 46)

Kari A. Dooley, United States District Judge:

Plaintiff Diane Kiczuk commenced this action against Defendant United States of America seeking a refund for the taxes she paid on her disability retirement benefits received pursuant to Conn. Gen. Stat. § 5-192p. After the close of discovery, both parties moved for summary judgment, agreeing that the motions could be resolved on the determination of whether Plaintiff received her disability benefits pursuant to a statute that is "in the nature of a workmen's compensation act" for purposes of an exclusion from taxable gross income under section 104(a)(1) of the United States Internal Revenue Code. *See* 26 U.S.C. § 104(a)(1); 26 C.F.R. § 1.104-1(b). The Court granted Plaintiff's motion and denied Defendant's motion, finding that section 5-192p constituted a "dual-purpose statute" and that the portion of the statute that Plaintiff received her benefits under was in the nature of a workmen's compensation act. Plaintiff now moves for an award of attorneys' fees and litigation costs pursuant to 26 U.S.C. § 7430, and interest on her overpayments pursuant to 26 U.S.C. § 6611. For the reasons that follow, Plaintiff's motion is DENIED to the extent that she seeks attorneys' fees and court costs and GRANTED to the extent that she seeks interest on the amounts she overpaid.

**FACTS AND PROCEDURAL HISTORY**

The Court assumes the parties' familiarity with the underlying facts of this case and repeats only those necessary for deciding the instant motion.

Plaintiff brought the instant suit seeking a refund for the tax payments she made for the 2015, 2016, and 2017 tax years on her disability retirement benefits that she received pursuant to Conn. Gen. Stat. § 5-192p ("section 5-192p"). *See* Mem. of Decision at 5, ECF No. 45. Plaintiff alleged that those benefits should have been excluded from her taxable gross income pursuant to 26 U.S.C. § 104(a)(1) and 26 C.F.R. § 1.104-1(b), which provide that benefits received pursuant to a statute that is "in the nature of a workmen's compensation act" may be excluded from taxable gross income. After the close of discovery, the parties both moved for summary judgment, agreeing that the motions could be resolved on the determination of whether Plaintiff's disability benefits were received pursuant to a statute in the nature of a workmen's compensation act. Mem. of Decision at 5. The relevant text of section 5-192p provides:

> If a member of tier II, while in state service, becomes disabled as defined in subsection (b) of this section, prior to age sixty-five, he is eligible for disability retirement if the member has completed at least ten years of vested service. If a member of tier II, while in state service, becomes so disabled as a result of any injury received while in the performance of his duty as a state employee, he is eligible for disability retirement, regardless of his period of state service or his age.

Conn. Gen. Stat. § 5-192p(a).

Relying on *Rutter v. Comm'r*, 760 F.2d 466, 467 (2d Cir. 1985), Plaintiff argued that section 5-192p is in the nature of a workmen's compensation act because it "distinguishes" between work-related and non-work-related injuries. *See* Pl.'s Mem. in Supp. at 7–8, ECF No. 31-1. Also citing *Rutter*, Defendant argued that "the touchstone for the analysis . . . is whether the 'statute contains some provision **restricting** the payment of benefits to cases of work-related

2

disabilities," and that section 5-192p fails to so restrict. *See* Def.'s Mem. in Supp. at 9–10, ECF No. 35-3 (emphasis added by Defendant) (quoting *Rutter*, 760 F.2d at 468, and *Green v. Comm'r*, 60 F.3d 142, 143 (2d Cir. 1995)). After reviewing the parties' submissions, the Court observed that neither party addressed the possibility that section 5-192p is a so-called "dual-purpose statute," under which a portion of the statute restricts payment to work-related injuries, and is therefore in the nature of a workmen's compensation act, while another portion of the statute does not so restrict and therefore is not in the nature of a workmen's compensation act. *See* Mem. of Decision at 8–9 (discussing dual-purpose statutes and collecting cases). Because the Second Circuit Court of Appeals has neither rejected nor embraced the concept of dual-purpose statutes, the Court ordered supplemental briefing "addressing: (1) whether Section 5-192p is a dual-purpose statute, and (2) if so, the impact of that determination on the pending motions for summary judgment." Order, ECF No. 40.

In response to the Court's order, Defendant recognized that section 5-192p may well be a dual-purpose statute but argued nonetheless that recognizing the concept of dual-purpose statutes would be inconsistent with Second Circuit precedent. Def.'s Suppl. Mem. at 2–3, ECF No. 44. The Court disagreed, holding that the recognition of dual-purpose statutes is not precluded by existing Second Circuit precedent, that section 5-192p is, in fact, a dual-purpose statute, and that Plaintiff had adequately proven that she received her benefits pursuant to the portion of the statute that is "in the nature of a workmen's compensation act." Mem. of Decision at 9–18. The Court therefore denied Defendant's motion for summary judgment and granted Plaintiff's motion for summary judgment. *Id.* at 18.

Now pending before the Court is Plaintiff's motion for attorneys' fees, interest, and litigation costs, ECF No. 46.

**DISCUSSION**

**Attorneys' Fees & Court Costs**

Plaintiff seeks to recover her attorneys' fees and the administrative and litigation costs that she incurred in the course of this litigation. Pl.'s Mot. Att'y Fees, Interest & Litig. Costs ("Pl.'s Mot.") at 1–2, ECF No. 46. Under 26 U.S.C. § 7430, the "prevailing party" in a tax refund action may be awarded reasonable litigation costs and attorneys' fees paid or incurred by that party in connection with the action. *See U.S. Dep't of Just., Tax Div. v. Hudson*, 626 F.3d 36, 38 (2d Cir. 2010). Section 7430(c)(4) defines "prevailing party" as a party that "has substantially prevailed with respect to the amount in controversy, or . . . has substantially prevailed with respect to the most significant issue or set of issues presented." However, "[a] party shall not be treated as the prevailing party in a proceeding . . . if the United States establishes that the position of the United States in the proceeding was substantially justified." 26 U.S.C. § 7430(c)(4)(B)(i). "The Supreme Court has defined the term 'substantially justified' as 'justified in substance or in the main [or] justified to a degree that could satisfy a reasonable person.'" *Weisbart v. U.S. Dep't of Tax'n*, No. CV-97-6020 (CPS), 2001 WL 1782873, at *5 (E.D.N.Y. Nov. 13, 2001) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988)). In other words, the United States' litigation position is substantially justified where "it has 'a reasonable basis both in law and fact.'" *Smith v. United States*, No. 3:09CV228 JBA, 2011 WL 841053, at *3 (D. Conn. Mar. 7, 2011) (quoting *Pierce*, 487 U.S. at 565). The United States bears the burden of demonstrating that its position was substantially justified. *Id.* (citing *Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1107 (9th Cir. 2007)).

Defendant does not dispute that Plaintiff "substantially prevailed" in this action for the purposes of section 7430(c)(4). Defendant argues, however, that Plaintiff is not entitled to

attorneys' fees and costs as a "prevailing party" because its position was substantially justified. Def.'s Opp'n to Pl.'s Mot. ("Def.'s Opp'n") at 4, ECF No. 47. The Court agrees.

As both parties observe, this case involved issues of first impression in this Court and in many courts nationwide. *Id.* at 6; Pl.'s Mot. at 10. Generally, in cases of first impression, the United States' position, even if ultimately unpersuasive to the court, will be considered substantially justified. *Weisbart*, 2001 WL 1782873, at *5 (collecting cases). Such is certainly the case here, in which the central issue—whether section 5-192p constituted a statute "in the nature of a workmen's compensation act" for purposes of 26 U.S.C. § 104(a)(1)—had yet to be addressed by any court and Defendant had a good-faith basis, relying on Second Circuit precedent, to answer that question in the negative.[1] Indeed, Defendant may yet be vindicated in its position if an appeal to the Circuit Court is undertaken and is successful. Further, the determination of whether section 5-192p was in the nature of a workmen's compensation act turned on additional issues of first impression—whether section 5-192p is a dual-purpose statute, and whether recognition of a dual-purpose statute is permissible under Second Circuit precedent. As previously indicated, the concept of "dual-purpose statutes," although long recognized by tax courts, has not been recognized by any court within the Second Circuit, and is seldom discussed by courts in other circuits. Indeed, as Defendant observes, Plaintiff herself did not argue that section 5-192p is a dual-

---

[1] Quoting the Court's Memorandum of Decision on the motions for summary judgment, Plaintiff relies in part on the Court's "sound rejection of the arguments of the Defendant" in arguing that Defendant's position was not substantially justified. Pl.'s Mot. at 5–6. However, as Defendant correctly observes, strong language in a court's opinion alone is not grounds to find that that the United States' position was not substantially justified. *See* Def.'s Opp'n at 8; *R.E. Dietz Corp. v. United States*, No. 87-CV-1455, 1990 WL 175113, at *3 (N.D.N.Y. Oct. 29, 1990) ("That the court soundly rejected some of the government's arguments does not mean that the government's position in the lawsuit was not substantially justified."). Moreover, the Court's language, albeit pointed at times, was not a criticism or assessment of the reasonableness of Defendant's position, but rather was directed at the tone and tenor of some of the arguments advanced in support of that position. Indeed, Defendant is not the only party that, at times, brought unnecessary vitriol to this litigation. *See, e.g.*, Pl.'s Reply at 2–4, ECF No. 48; Pl.'s Opp'n to Def.'s Mot. Summ. J. at 8–10, 16, ECF No. 37. The Court observes, however, that the concerning tone and tenor of the previous briefing from both parties was thankfully and refreshingly absent from Defendant's opposition to the instant motion for attorneys' fees. Sadly, the Court cannot say the same of Plaintiff's reply to that opposition.

5

purpose statute in her summary judgment briefing—it was the Court that initially identified and ordered supplemental briefing on the issue.[2] *See* Def.'s Opp'n at 7. Under these circumstances, the Court concludes that Defendant was substantially justified in advancing its well-supported but ultimately unsuccessful position. *Cf. R.E. Dietz Corp.*, 1990 WL 175113, at *3 (holding that the United States was substantially justified in advancing an ultimately unsuccessful position in a case of first impression where "[e]xhaustive research was required, and ultimately, after rejecting arguments made by both sides and deciding for itself what the pertinent law meant" the court reached a conclusion contrary to that of the United States).

Accordingly, Plaintiff's motion, to the extent that it seeks attorneys' fees and litigation costs, is DENIED.

**Interest**

Plaintiff also seeks to recover interest upon the refunds for her overpayments pursuant to 26 U.S.C. § 6611. Pl.'s Mot. at 2–3. In accordance with the overpayment rate established by 26 U.S.C. § 6621, Plaintiff claims that she is entitled to interest in the amount of $1,690.09 for the period of June 4, 2019 to April 30, 2023, plus $1.9333 per diem after April 30th. *Id.* Defendant does not challenge Plaintiff's entitlement to nor calculation of the interest sought. Def.'s Opp'n at 3. Accordingly, Plaintiff's motion for interest is GRANTED in the amount of $1,690.09 for the period of June 4, 2019 to April 30, 2023, plus $17.40 for the period of May 1 to May 9, 2023, amounting to a total interest award of $1,707.49.

---

[2] The Court disagrees with Plaintiff that her opening brief on the motion for summary judgment could be fairly read as asserting that section 5-192p was a dual-purpose statute. *See* Pl.'s Reply at 3–4. Further, the Court does not address Plaintiff's implied accusation that Defendant "intentionally avoided addressing" dual-purpose statutes in its initial summary judgment briefing. *Id.* Even if Defendant was aware of this case law, which the Court has no way of knowing, absent controlling precedent recognizing the concept of dual-purpose statutes, Defendant was under no obligation to direct the Court's attention to the out-of-circuit cases recognizing the same.

6

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorneys' fees, interest, and litigation costs, ECF No. 46, is GRANTED in part to the extent that Plaintiff may recover interest on her payments in the amount of $1,707.49 and DENIED in part to the extent that Plaintiff seeks attorneys' fees and litigation costs.

The Clerk of the Court is directed to enter judgment in favor of Plaintiff in the amount of $11,788.49 and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of May 2023.

                                                   */s/ Kari A. Dooley*
                                                   KARI A. DOOLEY
                                                   UNITED STATES DISTRICT JUDGE